UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACQUELINE TRASK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R.C. WILLEY and R.C. WILLEY HOME FURNISHINGS,<br><br>　　　　Defendants. | Case No. 1:23-cv-00442-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Jacqueline Trask's application to proceed *in forma pauperis* (Dkt. 1). The Clerk of the Court conditionally filed Ms. Trask's Complaint as a result of her in forma pauperis request. *See* Dkt. 2. Pursuant to 28 U.S.C. § 1915, the Court must review Ms. Trask's application to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-cv-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because she is filing to proceed in forma pauperis, 28 U.S.C. § 1915(e)(2)(b), the Court may "dismiss the case at any time if the court

**MEMORANDUM DECISION AND ORDER - 1**

determines . . . the action . . . fails to state a claim on which relief may be granted." For the reasons discussed below, Ms. Trask's application to proceed in forma pauperis is granted, but her Complaint is dismissed with leave to amend.

## ANALYSIS

### A. The IFP Application

Plaintiffs who wish to pursue civil lawsuits in this district must pay a filing fee. 28 U.S.C. § 1914(a). If plaintiffs wish to avoid that fee, they must submit an affidavit showing they are unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). Ms. Trask's affidavit sufficiently states facts supporting her poverty. The Court will, therefore, grant her application to proceed in forma pauperis.

### B. Screening Order

Because Ms. Trask is seeking to proceed in forma pauperis, the Court will screen the Complaint under 28 U.S.C. § 1915. The Court must dismiss a case if it

MEMORANDUM DECISION AND ORDER - 2

determines that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see also O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008).

### 1. The Pleading Standard

During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—represented or not—must articulate their claims clearly and allege facts sufficient to support the review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Under Federal Rule of Civil Procedure 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff must plead "enough facts to state a claim that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the sufficiency of a complaint, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the" plaintiff.

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

### 2. The Complaint

Ms. Trask's Complaint does not provide enough factual information to state a plausible claim. She alleges R.C. Willey and R.C. Willey Home Furnishings violated Title VI of the Civil Rights Act by denying her credit based on race and seeks two million dollars in damages from each defendant. *See Complaint* at 4–5, Dkt. 2. Her sole allegation is that defendants racially discriminated against her when it denied her credit. *See id.* at 4. She includes no other factual allegations to support this claim.

To state a claim for damages under Title VI, a plaintiff must allege that the entity involved is (1) engaging in racial discrimination; and (2) receiving federal financial assistance. *Fobbs v. Holy Cross Health System Corporation*, 29 F.3d 1439, 1447 (9th Cir. 1994) (overruled on other grounds by *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001)); *see also* 42 U.S.C. §2000d. "Although the plaintiff must prove intent at trial, it need not be pled in the complaint." *Fobbs*, 29 F.3d at 1447. Ms. Trask has not alleged that the

defendants receive any federal funding. Indeed, the Complaint makes no mention of federal funding at all. Even under the liberal pleading standards for pro se litigants, she has failed to state a claim under Title VI and her Complaint will be dismissed.

Assuming, however, that the defendants do receive federal funding, Ms. Trask's Complaint would nonetheless benefit from additional facts. The one sentence allegation is entirely conclusory. Ms. Trask must provide additional facts explaining what happened when she applied for, and was subsequently denied, credit such that she believes that decision was based on race. These additional facts need not be overly detailed, but they must provide enough information for the Court to evaluate whether the claim is plausible. The mere allegation of racial discrimination, without more, is not enough.

### C.  Leave to Amend

Courts should "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard should be "applied with extreme liberality," *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987), and leave should only be denied when "it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). Leave to amend should be granted even when no request is made. *See Lopez v. Smith*, 203 F.3d

1122, 1130 (9th Cir. 2000) (en banc). The Court will grant Ms. Trask leave to amend her Complaint.

In her amended complaint, Ms. Trask must allege that R.C. Willey receives federal funding. Alternatively, Ms. Trask may abandon her Title VI claim in favor of a claim of discrimination that does not require a showing that R.C. Willey received federal funding. Regardless, Ms. Trask must also provide additional facts supporting her allegation that R.C. Willey denied her credit based upon race. For example, additional facts may include information such as when and why she applied for credit, the stated reason for the denial, and any statements or actions by the defendants that suggest the denial was racially motivated. Ms. Trask should include all of the factual information she believes is relevant to her claim in her Complaint.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's application to proceed in forma pauperis (Dkt. 1) is **GRANTED**.

2. Plaintiff's Complaint (Dkt. 2) is dismissed with leave to amend.

3. Any amended complaint must be filed within 30 days of this order. If no amended complaint is filed, the case will be dismissed without

further notice.

DATED: December 4, 2023

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 7**