UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACQUELINE TRASK,<br><br>Plaintiff,<br><br>v.<br><br>R.C. WILLEY and R.C. WILLEY HOME FURNISHINGS,<br><br>Defendants. | Case No. 1:23-cv-00442-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Jacqueline Trask's Amended Complaint (Dkt. 5). The Court has already granted her request to proceed in forma pauperis. *See Order*, Dkt. 4. Because she is proceeding in forma pauperis the Court may "dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(b). For the reasons discussed below, Ms. Trask's Complaint is dismissed without prejudice and without leave to amend.

## LEGAL STANDARD

Because Ms. Trask is proceeding in forma pauperis, the Court will screen

MEMORANDUM DECISION AND ORDER - 1

the Complaint under 28 U.S.C. § 1915. The Court must dismiss a case if it determines that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see also O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008). During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—represented or not—must articulate their claims clearly and allege facts sufficient to support the review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Under Federal Rule of Civil Procedure 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff must plead "enough facts to state a claim that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the sufficiency of a complaint, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the" plaintiff.

**MEMORANDUM DECISION AND ORDER - 2**

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

## ANALYSIS

Ms. Trask's Amended Complaint alleges a discrimination claim pursuant to 18 U.S.C. § 242. This statute, however, is a criminal civil rights statute that does not confer a private right of action. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2005) (18 U.S.C. § 242 is a "criminal statute[ ] that do[es] not give rise to civil liability."). This means Ms. Trask, a private individual, cannot seek relief under this provision. *See e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Accordingly, the Court will dismiss Ms. Trask's Complaint as it fails to state a claim on which relief may be granted.

Courts should "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard should be "applied with extreme liberality," *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987), and leave should only be denied when "it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). Leave to amend should be granted even when no request is made. *See Lopez v. Smith*, 203 F.3d

**MEMORANDUM DECISION AND ORDER - 3**

1122, 1130 (9th Cir. 2000) (en banc). The Court, however, will not grant Ms. Trask leave to amend her Complaint because amendment would be futile. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

The Court previously informed Ms. Trask of the deficiencies of her Complaint and provided an opportunity to amend. Ms. Trask's Amended Complaint fails to address the deficiencies highlighted by the Court in its Order. *See Order*, Dkt. 4. Ms. Trask's Amended Complaint alleges that R.C. Willey informed her that she qualified for credit to purchase a desk. *Am. Complaint* at 4, Dkt. 5. When Ms. Trask then went to talk to the credit department supervisor, they confronted her by yelling at her that corporate had denied her credit. *Id.* Ms. Trask alleges she was disrespected and humiliated in front of everyone. *Id.* The supplemental material submitted by Ms. Trask—her receipt for the desk and a public records request for the police report she filed—does not further clarify her allegations.

The Court recognizes that this may have been an upsetting experience, however, Ms. Trask has not alleged any cognizable cause of action, nor has she alleged any discrimination based on race, gender, or other protected status that would give rise to a claim under another civil rights statute. As such, the Court

**MEMORANDUM DECISION AND ORDER - 4**

finds that further amendment would be futile because Ms. Trask cannot state a cognizable claim under 18 U.S.C. § 242. *See e.g.*, *Jones v. Goldburn*, No. CV 20-8204 PA (ASx), 2020 WL 7089956, at *2 (C.D. Cal. Oct. 13, 2020). Accordingly, Ms. Trask's Complaint is dismissed without prejudice and without leave to amend.[1]

## ORDER

**IT IS ORDERED that:**

1.   Plaintiff's First Amended Complaint (Dkt. 5) is dismissed without prejudice and without leave to amend.

2.   The Clerk is directed to close this case.

DATED: June 24, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

---

[1] The Court will dismiss Ms. Trask's Complaint without prejudice because "it is not apparent what claims [she] is attempting to raise." *Provino v. Texas Govt.*, No. 3:21-cv-00427-MMD-CLB, 2021 WL 5851453, at *1 (D. Nev. Dec. 9, 2021).