UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACQUELINE TRASK,<br><br>    Plaintiff,<br><br>    v.<br><br>RC WILLEY and RC WILLEY HOME FURNISHINGS HEADQUARTERS,<br><br>    Defendants. | Case No. 1:23-cv-00442-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Ms. Trask's motion to reopen her case (Dkt. 9) and for appointment of counsel (Dkt. 10). For the reasons described below, the Court will deny the motion to reopen the case and deem the motion to appoint counsel moot.

In June 2024, the Court dismissed Ms. Trask's complaint without prejudice and without leave to amend. Dkt. 7. The Court concluded amendment was futile because Ms. Trask failed to allege any cognizable legal claim despite instructions from the Court and the opportunity to amend. *Id.* In May 2025, she filed the present motion requesting the Court reopen this case. The only explanation she provides for the motion is that she was not receiving her mail.

**MEMORANDUM DECISION AND ORDER - 1**

Ms. Trask does not cite to any case, statute, or rule to support her motion to reopen. Absent any clear legal basis for the motion, the Court will construe Ms. Trask's motion as seeking relief under Federal Rule of Civil Procedure 60(b). *See Mendoza v. Jimmenez*, No. 18-cv-1608-WGH-WVG, 2021 WL 4974661, at *1 (S.D. Cal. Oct. 26, 2021). Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for one of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 50(b)(1)–(6). None of those reasons appear to apply in this case. Again, the only explanation Ms. Trask provides for the motion is that she was not receiving her mail. While that may explain the nearly year-long delay between the closing of the case and the present motion, it has no bearing on her request to reopen the case. Accordingly, Ms. Trask's motion to reopen is denied and her motion for counsel is deemed moot.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion to Reopen (Dkt. 9) is **DENIED**.

2. Plaintiff's Motion for Appointment of Counsel (Dkt. 10) is **DEEMED MOOT.**

DATED: June 3, 2025

B. Lynn Winmill
U.S. District Court Judge